UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRAL BANK OF ST. LOUIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18CV00058 AGF |
| ) | |
| ORHI 2000, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This diversity matter for breach of a settlement agreement is before the Court on the motion of Plaintiff Central Bank of St. Louis ("Central Bank") for judgment on the pleadings against all Defendants except Sakeba Issa (ECF No. 10); and Central Bank's separate motion for default judgment against Sakeba Issa (ECF No. 15). For the reasons set forth below, both motions will be granted, and final judgment will be entered.

Central Bank alleges in its complaint that it purchased rights to a loan in the principal amount of approximately $6,000,000 owed by Defendant ORHI 2000, LLC ("ORHI"), and guaranteed by Defendants Sultan Issa and Sultan Issa as Trustee of the Sultan S. Issa Living Trust (jointly, "the Guarantors"). The loan went into default, and on January 23, 2017, Central Bank brought suit against ORHI, the Guarantors, and Sultan Issa's spouse, Sakeba Issa, who had executed, along with Sultan Sakeba, a Consent and Waiver of Marital Rights ("spousal waiver") pursuant to which Sakeba Issa agreed not to assert any interest in spousal property as against Central Bank with respect to Sultsan Issa's obligations to Central Bank. *Central Bank of St. Louis v. ORHI 2000, LLC*, 4:17CV00262

DDN (E.D. Mo. 2017). On March 31, 2007, the parties entered into a Forbearance and Settlement Agreement that set forth terms for repayment of the indebtedness, which at that point equaled approximately $3,000,000. The lawsuit was dismissed without prejudice on August 1, 2017, in light of the Settlement Agreement.

The present two-count action was filed on January 12, 2018, seeking monetary relief under Count I against ORHI and the Guarantors for breach of the Settlement Agreement by failing to make payments due and owing, and seeking declaratory relief under Count II against Sakeba Issa. The complaint alleges that as of December 1, 2017, the amount due Central Bank under the Settlement Agreement is $2,922,128.34, and seeks judgment in that amount in Count I. In Count II, the complaint seeks declaratory judgment that the spousal waiver is valid and Central Bank is entitled to proceed against any assets covered by the waiver to satisfy Sultan Issa'a obligations under the Settlement Agreement.

On February 12, 2018, ORHI and the Guarantors filed an Answer wherein they admitted the allegations contained in Count I and waived all affirmative defenses. ECF No. 9. They also agreed to entry of a Final Order and Judgment in the amount of $2,922,128.34, to bear interest at the rate of 9% per annum from the date of entry until paid in full. On February 12, 2018, Central Bank filed the motion for judgment on the pleadings on Count I, asking the Court to enter the Final Order and Judgment agreed to by ORHI and the Guarantors. No response was filed to the motion. On April 3, 2018, the Clerk of Court entered default against Sakeba Issa, and Central Bank filed the motion for default judgment as to her.

**Motion for Judgment on the Pleadings**

"Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law . . . ." *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "[T]he factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face . . . ." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011). "In considering a motion for judgment on the pleadings, the Court may consider the pleadings, materials embraced by the pleadings, and public records." *Rand–Heart of NY, Inc. v. Dolan*, 812 F.3d 1172, 1176 (8th Cir. 2016).

Here, the allegations in the complaint, accepted as true, along with the materials embraced by the pleadings and the public records from the first lawsuit referenced above, establish that Central Bank is entitled to the judgment it seeks in Count I. *See, e.g., Keep on Kicking Music, Ltd. v. Hibbert*, No. 15CV7464, 2016 WL 4386047, at *6 (S.D.N.Y. Aug. 17, 2016) (granting the plaintiff's motion for judgment on the pleadings on the claim that the defendant breached a settlement agreement). This is especially so in light of the answer filed by OH and the Grantors. Thus, the motion for judgment on the pleadings will be granted.

**Motion for Default Judgment**

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)

3

(citation omitted). Here, the allegations set forth in the complaint, taken as true, along with materials properly before the Court, establish that Central Bank is entitled to a declaratory judgment that the spousal waiver described above is valid. *See, e.g., Acuity Ins. Co. v. Jones*, No. 4:11CV2041 AGF, 2013 WL 1192764, at *1 (E.D. Mo. Mar. 22, 2013) (granting default judgment on the plaintiff's request for declaratory judgment where the complaint sufficiently alleged and supported the declaratory relief sought).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for judgment on the pleadings against Defendants ORHI 2000, LLC; Sultan Issa; and Sultan Issa as Trustee of the Sultan S. Issa Living Trust dated March 10, 2004, as amended or restated, is **GRANTED** in the amount of $2,922,128.34, to bear interest at the rate of 9% per annum from the date of entry of judgment until paid in full. Liability is joint and several. (ECF No. 10.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment against Defendant Sakeba Issa is **GRANTED**. (ECF No. 15.)

All claims against all parties having been resolved, a separate Judgment will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2018.

4